UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| VOLKSWAGEN AG, AUDI AG, and VOLKSWAGEN GROUP OF AMERICA, INC.,<br><br>**Plaintiffs,**<br><br>v.<br><br>THE UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEUDLE A,<br><br>**Defendants.** | Civil Action No. 1:17-cv-970-AJT-IDD |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO FILE UNDER SEAL AND/OR REDACTED DOCUMENTS FOR GOOD CAUSE**

Pursuant to Local Civil Rule 5, Plaintiffs Volkswagen AG, Audi AG, and Volkswagen Group of America, Inc. (collectively "Plaintiffs" or "Volkswagen and Audi"), by counsel, submits this Memorandum of Law in Support of its Motion for Leave to File Under Seal and/or Redacted Documents for Good Cause. Plaintiff seeks to file a redacted version of the following documents and/or temporarily file the following documents under seal: (1) Schedule A to the Complaint, which includes a list of eBay account names and email addresses used by Defendants; (2) Exhibits 3 and 4 to the Complaint, which contain screenshots of the Defendants' eBay listings; (3) Exhibits 5 and 6 to the Complaint, which contain pictures of the mailing labels of Defendants' counterfeit goods; (4) Exhibits 7 and 8 to the Complaint, which contain pictures of Defendants' counterfeit goods; and (5) Plaintiffs' memorandum of law in support of its *ex parte* motion for a temporary restraining order including temporary asset restraint and expedited discovery. Plaintiffs seek to seal these documents until the temporary restraining order has been

served on the relevant parties and Defendants' assets have been restrained by PayPal. After the requested actions have been taken, Plaintiffs will move to unseal these documents.

In determining whether to seal a document, courts look to whether "competing interests outweigh the interest in access." *U.S. ex rei. Carter v. Halliburton Co.*, No. 1:10CV864 JCC/TCB, 2011 WL 2077799, at *1 (E.D. Va. May 24, 2011). Courts frequently seal documents in trademark counterfeiting and infringement cases to preclude the defendant from learning of the case until its assets can be restrained or seized. *See, e.g., Chanel, Inc. v. Bestbuyhandbag.com*, No. 14-62191-CIV, 2014 WL 7185382, at *4 (S.D. Fla. Dec. 16, 2014) (court filed TRO under seal and directed PayPal to restrain defendant's funds); *Klipsch Grp., Inc. v. Big Box Store Ltd.*, No. 12 CIV. 6283 AJN, 2012 WL 5265727, at *1 (S.D.N.Y. Oct. 24, 2012) (Court "granted Plaintiff's request to file the Complaint under seal…so that Plaintiff could obtain certain *ex parte* remedies as provided by the Lanham Act without providing the defendants, alleged to be counterfeiters, with an opportunity to destroy any infringing goods or abscond with any ill-gotten profits"); *Lorillard Tobacco Co. v. Amana Oil, Inc*., No. 10-13296, 2011 WL 2669466, at *2 (E.D. Mich. July 7, 2011) (court temporarily sealed documents related to *ex parte* seizure of counterfeit cigarettes); *Sony Computer Entm't Am., Inc. v. Gamemasters*, 87 F. Supp. 2d 976, 978 (N.D. Cal. 1999) (court sealed motion papers related to request for TRO and seizure of counterfeit goods); *Universal City Studios, Inc. v. Ahmed*, No. CIV. A. 93-3266, 1993 WL 429099, at *1 (E.D. Pa. Oct. 20, 1993) (explaining that case file was sealed "to preserve secrecy while the plaintiffs recovered the counterfeit" goods).

Here, Volkswagen and Audi have a strong interest in temporarily preventing Defendants from discovering the existence of this suit. Volkswagen and Audi have moved for a temporary asset restraint. If the documents identified above are not redacted or filed under seal, Defendants

will receive notice that their assets are at risk and will have an incentive to move them beyond the jurisdiction of this and other U.S. courts before they can be restrained. Plaintiffs will suffer irreparable harm if Defendants are able to transfer their assets in this manner. Accordingly, Plaintiffs' interest in temporarily sealing the subject documents outweighs the general interest in access to court records.

The Court may seal documents if it (1) provides public notice of the request to seal and allows a reasonable opportunity to object, (2) considers less drastic alternatives, and (3) provides specific reasons and findings for its decision to seal the documents and for rejecting alternative options. *Ashcraft v. Conoco, Inc*., 218 F.3d 282, 288 (4th Cir. 2000). By this motion, the public is provided notice of the request to seal and an opportunity to object to the request. Plaintiffs only seek to seal Schedule A of the Verified Complaint and Plaintiffs' Memorandum temporarily. No less drastic alternative is available to prevent Defendants from learning of this suit and transferring their assets away from PayPal and out of the Court's reach before they can be restrained.

Accordingly, Plaintiffs respectfully requests leave to file redacted versions of, and/or temporarily file under seal, the following documents: (1) Schedule A to the Complaint; (2) Exhibits 3 and 4 to the Complaint; (3) Exhibits 5 and 6 to the Complaint; (4) Exhibits 7 and 8 to the Complaint; and (5) Plaintiffs' memorandum of law in support of its *ex parte* motion for a temporary asset restraint and expedited discovery.

Date: September 1, 2017

/s/ Daniel E. Yonan
Daniel E. Yonan (VSB No. 46019)
Monica Riva Talley (VSB No. 41840)
Michael D. Specht (VSB No. 42410)
Daniel S. Block (*pro hac pending*)
STERNE KESSLER GOLDSTEIN & FOX, PLLC
1100 New York Ave., N.W., Suite 800
Washington, DC 20005-3934
Telephone No.: (202) 371-2600
Facsimile No.: (202) 371-2540
dyonan@skgf.com
mtalley@skgf.com
mspecht@skgf.com
dblock@skgf.com

*Attorneys for Plaintiffs*
*Volkswagen AG, Audi AG, and*
*Volkswagen Group of America, Inc.*